UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARMEEN DENISE WASHINGTON,

                              Plaintiff,

            -against-

PARIS PRODUCTION BERLIN;
GEORGINA P., VIDEO PRODUCER; DJ
KAY SLAY,

                              Defendants.

23-CV-5922 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and alleging that Defendants violated her rights. By order dated August 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the court general complaint form. She checks the box on the form to invoke the court's federal question jurisdiction and, in response to the question on the form asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Child labor law and international vs. federal law, child pornography law." (ECF 1, at 2.)[1] She states that her claims arose on 28th Street between 8th and 9th Avenue, presumably in Manhattan, from 2008 through the current time.

---

[1] Plaintiff writes using nonstandard capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

Plaintiff alleges,

"I was harrassed as an uneducated fif[t]een year old while playing basketball at the basketball court downstairs in the park across the street from my sickly Grandmother Ms. Shelia A. Washington['s] apartment 1830 First Avenue Apt. 5J, New York, N.Y., 10128 and asked to be in a music video for a loose 100$ without being informed it was a international video. [A]nd my legal parent did not sign or give permission for me to be in the Hip-Hop RAP Video. And they were at work in New York State. [T]he Shells gas station has the servalence video. For the music video "Blockstars" [by] Ray J + DJ Kay Slay."

(*Id.* at 5.)

Plaintiff describes her injuries as "rape, harrassment & illegal pornography by Mercades Downes & Georgina P." (*Id.* at 6.) In the section of the complaint form to state the relief she seeks, Plaintiff writes, "I did not want to be in the music video and did not get percentage for private video clip/scene." (*Id.*)

Plaintiff has recently filed a number of other *pro se* actions in this court, in several of which the court has determined that it lacks subject matter jurisdiction of Plaintiff's claims. *See Washington v. Lyndsay*, ECF 1:23-CV-5888, 5 (S.D.N.Y. July 31, 2023) (directing Plaintiff to file an amended complaint showing that the court has subject matter jurisdiction of her claims); *Washington v. Tocco*, ECF 1:23-CV-5561, 1 (S.D.N.Y. July 27, 2023) (directing Plaintiff to file an amended complaint showing that the court has subject matter jurisdiction of her claims); *Washington v. Chong*, ECF 1:23-CV-1936, 10 (S.D.N.Y. July 24, 2023) (dismissing complaint for lack of subject matter jurisdiction); *see also Washington v. Abedin*, ECF 1:23-CV-5887, 1 (S.D.N.Y. filed July 11, 2023); *Washington v. JP Morgan Chase Bank Inc.*, ECF 1:23-CV-5819, 1 (S.D.N.Y. filed July 6, 2023); *Washington v. New York Police Dep't*, ECF 1:23-CV-5820, 1 (S.D.N.Y. filed July 6, 2023).

## DISCUSSION

**A.      Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[A]ny

party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether

the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-

CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting

*Manway Constr. Co., Inc. v. Hous. Auth.*, 711 F.2d 501, 503 (2d Cir. 1983)); *Ruhrgas AG v.

Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by

the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

1.      Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal

law if the complaint "establishes either that federal law creates the cause of action or that the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not

create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81

F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's allegations do not suggest any viable claim under federal law. Plaintiff invokes the court's federal question jurisdiction and claims that Defendants violated "child labor law" and "child pornography law." (ECF 1, at 2.) To the extent Plaintiff is seeking to have Defendants prosecuted for violations of federal criminal law, those claims must be dismissed. Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Because the allegations in Plaintiff's complaint do not suggest a claim that arises under federal law, the Court therefore cannot exercise federal question jurisdiction of her claims.

2.    Diversity of citizenship jurisdiction

Plaintiff's complaint suggests she may be attempting to assert claims for sexual assault or breach of contract. These claims arise under state law, however, and a federal district court has original jurisdiction to consider claims under state law only where the court has diversity jurisdiction.

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "An individual's citizenship, within the meaning of the diversity statue, is determined by h[er] domicile." *Johnson v. Smithsonian*, 4 F. App' x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the

statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff does not specifically plead facts about the domicile of any party, but she provides addresses for all parties in New York. Nor does the complaint show that the minimum financial amount is in controversy.. Plaintiff thus has not met her burden of demonstrating complete diversity of citizenship.

The Court grants Plaintiff leave to file an amended complaint alleging facts demonstrating that the Court has subject matter jurisdiction of her claims. To demonstrate that the Court has federal question jurisdiction of her claims, Plaintiff must allege facts showing that her claims arise under federal law. To demonstrate that the Court has diversity of citizenship jurisdiction of her claims, she must allege facts indicating that she and defendants are citizens of different states and that her claim is worth in excess of $75,000.

**B.     Motion for counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants her 60 days' leave to amend her complaint to allege facts demonstrating the Court has subject matter jurisdiction of her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint showing that the Court has subject matter jurisdiction of this matter. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5922 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for lack of subject matter jurisdiction.

The motion for counsel is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

              /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
              Chief United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____                    ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*                    **AMENDED**
                                                                **COMPLAINT**

                   -against-

_____                    Jury Trial:   ☐ Yes        ☐ No

_____                                        (check one)

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*


I.        **Parties in this complaint:**

A.        List your name, address and telephone number. If you are presently in custody, include your
          identification number and the name and address of your current place of confinement. Do the same
          for any additional plaintiffs named. Attach additional sheets of paper as necessary.


Plaintiff        Name _____

                 Street Address _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____


B.        List all defendants. You should state the full name of the defendant, even if that defendant is a
          government agency, an organization, a corporation, or an individual. Include the address where
          each defendant may be served. Make sure that the defendant(s) listed below are identical to those
          contained in the above caption. Attach additional sheets of paper as necessary.


*Rev. 12/2009*                                    1

Defendant  No. 1  Name _____

        Street Address _____

        County, City _____

        State & Zip Code _____

        Telephone Number _____

Defendant  No. 2  Name _____

        Street Address _____

        County, City _____

        State & Zip Code _____

        Telephone Number _____

Defendant  No. 3  Name _____

        Street Address _____

        County, City _____

        State & Zip Code _____

        Telephone Number _____

Defendant  No. 4  Name _____

        Street Address _____

        County, City _____

        State & Zip Code _____

        Telephone Number _____

## II. **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.  What is the basis for federal court jurisdiction?  *(check all that apply)*

    ☐ Federal Questions     ☐ Diversity of Citizenship

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

    _____

    _____

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

    Plaintiff(s) state(s) of citizenship _____

    Defendant(s) state(s) of citizenship _____

    _____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

_____

What happened to you?

_____

_____

_____

Who did what?

_____

_____

_____

Was anyone else involved?

_____

_____

Who else saw what happened?

_____

_____

_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                          Signature of Plaintiff      _____

                          Mailing Address             _____

                                                      _____

                                                      _____

                          Telephone Number            _____

                          Fax Number *(if you have one)*  _____


<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


                          Signature of Plaintiff:     _____

                          Inmate Number               _____